UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

GLENNA ALVARADO, )
)
    Plaintiff, )
)
  vs. ) Case No. 4:12CV2323 HEA
)
CAROLYN W. COLVIN,[1] )
Acting Commissioner of Social Security, )
)
    Defendant. )

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's request for judicial review under 28 U.S.C. § 405(g) of the final decision of Defendant denying Plaintiff's application for Disability Insurance Benefits (DIB) and widow's insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq.* For the reasons set forth below, the Court affirms the Commissioner's denial of Plaintiff's application.

## Facts and Background

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the Defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Plaintiff was 55 years old at the time of the July 13, 2011 hearing. . She completed seventh grade, and has no GED.  Plaintiff lives in her daughter's basement.  The ALJ found Plaintiff had the impairments of depression and a bi-polar disorder, pursuant to 20 CFR 1520(c).  Plaintiff has worked as a cashier/stocking clerk at Old Tyme Pottery.  Plaintiff left this position because the store was closing.  Plaintiff also worked as a computer parts assembler. Plaintiff testified that she does not work because she gets anxious and cannot tolerate being around people.  Plaintiff admits that her medicine helps her.  She can go shopping for groceries late at night so she does not have to see other people.  Plaintiff has pain in her legs, back and arms.  Plaintiff sees a physician and a psychiatrist.  She sometimes washes the dishes.

At the July 13,2011 hearing, vocational expert testified.  The VE testified that based on a person with Plaintiff's vocational profile and RFC the person could perform other work as cleaner/housekeeper, a hand presser, and an electrode cleaner.

Plaintiff's applications for social security and widow's disability benefits under Titles II, 42 U.S.C. §§ 401, *et seq*., were denied on July 26, 2010..  A hearing was conducted on July 13, 2011.  On February 17, 2012, the ALJ issued an unfavorable decision.  On November 6, 2012, the Appeals Council denied

Plaintiff's request for review of the ALJ's decision. Thus, the decision of the ALJ stands as the final decision of the Commissioner.

**Standard For Determining Disability**

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); see also *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir.2010). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

A five-step regulatory framework is used to determine whether an individual claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a); see also *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir.2011) (discussing the five-step process). At Step One, the ALJ determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I); *McCoy*, 648 F.3d at 611. At Step Two, the

ALJ determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c); *McCoy*, 648 F.3d at 611. At Step Three, the ALJ evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the ALJ proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is "the most a claimant can do despite [his] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir.2009) (citing 20 C.F.R. § 404.1545 (a)(1)); see also 20 C.F.R. §§ 404.1520(e), 416.920(e). At Step Four, the ALJ determines whether the claimant can return to his past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a) (4) (iv), 404.1520(f), 416.920(a) (4) (iv), 416.920(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next

step. *Id...* At Step Five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a significant number of jobs within the national economy. *Id.*; *Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir.2012).

## ALJ's Decision

Applying the foregoing five-step analysis, the ALJ in this case determined at Step One that Plaintiff had met the insured status requirements of the Social Security Act on December 31, 2011. She found that the Plaintiff met the non-disability requirements for disabled widow's benefits set forth in Section 202(3) of the Social Security Act and the prescribed period ended on November 30, 2008. Plaintiff has not engaged in substantial gainful activity since June 30, 2006, the alleged onset date. At Step Two, the ALJ found that Plaintiff had the following severe impairments: depression and a bipolar disorder. At Step Three, the ALJ found that Plaintiff does not have an impairment or combination of impairments

that met or equaled in severity of any impairment listed in 20 CFR Part 404, Subpart P, Appendix 1 and 416.929.

Prior to Step Four, the ALJ found that Plaintiff had the residual functional capacity to perform a full range of work at all exertional levels but with the non-exertional limitations of performing simple, repetitive tasks with occasional contact with supervisors, co-workers and the public.

At Step Four, the ALJ determined that Plaintiff is not able to perform her past relevant work as a cashier, computer parts assembler.

At Step Five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, pursuant to 20 CFR 404.1569 and 404.1569(a).

**Standard For Judicial Review**

The Court's role in reviewing the Commissioner's decision is to determine whether the decision "'complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.'" *Pate–Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir.2009) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir.2008)). "Substantial evidence is 'less than preponderance, but enough that a reasonable mind might accept it as adequate to support a conclusion.'" *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir.2012) (quoting *Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir.2009)). In determining whether substantial evidence supports the

Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from that decision. *Id.* However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id.* (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir.2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision.'" *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir.2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir.2005)). The Court should disturb the administrative decision only if it falls outside the available "zone of choice" of conclusions that a reasonable fact finder could have reached. *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir.2006).

## Discussion

In her appeal of the Commissioner's decision, Plaintiff makes the following arguments: (1) the ALJ failed to properly consider RFC; (2) the hearing decision contained incomplete analyses and unresolved conflicts of evidence that should serve as a basis for remand.

**RFC**

A claimant's RFC is the most an individual can do despite the combined

effects of all of his or her credible limitations. *See* 20 C.F.R. § 404.1545. An ALJ's RFC finding is based on all of the record evidence, including the claimant's testimony regarding symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. Astrue,* 596 F.3d 959, 969 (8th Cir.2010); *see also* 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96–8p. An ALJ may discredit a claimant's subjective allegations of disabling symptoms to the extent they are inconsistent with the overall record as a whole, including: the objective medical evidence and medical opinion evidence; the claimant's daily activities; the duration, frequency, and intensity of pain; dosage, effectiveness, and side effects of medications and medical treatment; and the claimant's self-imposed restrictions. *See Polaski v. Heckler,* 739 F.2d 1320, 1322 (8th Cir.1984); 20 C.F.R. § 404.1529; SSR 96–7p.

Plaintiff argues that she has greater limitations than those imposed by the ALJ with regard to the finding that Plaintiff can perform unskilled work because of her mental issues. Here, the ALJ considered Plaintiff's impairments and did determine that Plaintiff could not perform her past work, but was able to perform the full range of unskilled work. The ALJ determined Plaintiff's RFC based upon all of the relevant evidence, including medical records, observations of treating physicians, and his description of his limitations.

The ALJ did not fully credit Plaintiff's subjective complaints. A claimant's subjective complaints may not be disregarded solely because the objective medical evidence does not fully support them. The absence of objective medical evidence is just one factor to be considered in evaluating the claimant's credibility and complaints. The ALJ must fully consider all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:

> (1) the claimant's daily activities;
> (2) the subjective evidence of the duration, frequency, and intensity of the claimant's pain;
> (3) any precipitating or aggravating factors;
> (4) the dosage, effectiveness, and side effects of any medication; and
> (5) the claimant's functional restrictions.

The ALJ must make express credibility determinations and set forth the inconsistencies in the record which cause him to reject the claimant's complaints. *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir.2005). "It is not enough that the record contains inconsistencies; the ALJ must specifically demonstrate that he considered all of the evidence." *Id*. The ALJ, however, "need not explicitly discuss each *Polaski* factor." *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir.2004). The ALJ need only acknowledge and consider those factors. *Id*. Although credibility determinations are primarily for the ALJ and not the court, the ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir.1988).

The Court finds that the ALJ's credibility assessment is supported by substantial evidence in the record as a whole. The ALJ did consider Plaintiff's work history and the reason for her leaving Old Tyme Pottery, *i.e.*, that the store was closing, and not because Plaintiff could not perform the work. The ALJ observed that Plaintiff's medication was working for her. Impairments that can be controlled by medication are not disabling. *See Renstrom v. Astrue*, 680 F.3d 1057, 1066 (8th Cir. 2012) (citing *Brown v. Astrue*, 611 F.3d 941, 955 (8th Cir. 2010)). There was no evidence that Plaintiff had had difficulties with co-workers or supervisors; there were no arguments documented in the record. Plaintiff was cooperative with Dr. Peaco, the consultant, and answered questions at the hearing.

"Because the ALJ [is] in a better position to evaluate credibility, [the Court] defers to [her] credibility determinations as long as they [are] supported by good reasons and substantial evidence." *Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir.2006).

Here, the ALJ cited the *Polaski* factors in her decision. To the extent the ALJ discredited or discounted Plaintiff's assertion that her mental limitations were disabling, the Court finds the ALJ provided good reasons supported by substantial evidence. The ALJ noted Plaintiff was not unduly restricted in her daily activities, which included the ability to take care of shop for groceries, do light household work and take care of her dog. The Court finds the ALJ did not err in discounting

Plaintiff's articulated limitations. See *Perks*, 687 F.3d at 1093 (affirming ALJ's decision to discount claimant's reports of disabling back pain where claimant's normal activities included "meal preparation, mowing his yard on a riding mower, shopping for food, and maintaining the family's finances"). *McDade v. As true*, 720 F.3d 994 (8th Cir. 2012).

The ALJ considered Plaintiff's medical records. She resolved conflicts between Dr. Peaco, the consultant, and Walter Clayton Davis. Mr. Davis is not an acceptable medical source under the regulations. SSR 06-03p ("The fact that a medical opinion is from an 'acceptable medical source' is a factor that may justify giving that opinion greater weight than an opinion from a medical source who is not an 'acceptable medical source.'"); 20 C.F.R. §§ 404.1513(a)(2), (d)(1) (defining "[l]icensed or certified psychologists," but not "therapists," as acceptable medical sources).

Furthermore, Mr. Davis' assessment is inconsistent with Plaintiff's records. She was doing well on medication and only had intermittent exacerbations. Plaintiff had GAF scores indicating no more than "moderate" symptoms.

The ALJ's findings were clearly based upon the record as a whole. The ALJ summarized Plaintiff's testimony regarding her limitations, the treatment notes regarding her impairments, the medical opinions in the record, and the ALJ's specific credibility findings. The ALJ applied the proper standard to the facts

before her and her determination of Plaintiff's RFC and her ability to perform a full range of work is supported by substantial evidence in the record.

**Vocational Expert**

The VE found that a person with Plaintiff's vocational profile and RFC could perform other work as a cleaner/housekeeper, a hand presser, and an electrode cleaner. Plaintiff cites conflicts between n the VE's testimony that Plaintiff could perform her past work as a computer parts assembler, which had frequent contact with others and the ALJ's finding that Plaintiff should have only occasional contact with supervisors, co-workers and the public. As Defendant correctly observes, the ALJ did not rely on the VE's frequent contact with co-workers finding, rather the ALJ determined that Plaintiff could *not* perform her past work as a computer parts assembler. No remand is required.

Additionally, Plaintiff attempts to argue that the "same rationale" she used to allege a conflict between the hypothetical question and the computer parts assembler occupations would also apply to the other occupations identified by the VE. However, Plaintiff fails to present any evidence that the jobs assessed to be available to Plaintiff in the national economy, the clean/housekeeper, hand presser, and electrode cleaner present a conflict with the ALJ's finding that Plaintiff is limited to occasional contact with supervisors, co-workers and the public.

Plaintiff argues that her representative was not allowed to fully examine the VE regarding explaining how marked mental impairments would affect Plaintiff's ability to function in the workplace, Plaintiff's reliance on her representative's questioning is misplaced. Plaintiff's functional limitations determination is reserved for the ALJ. The VE was not and should not have been placed in a position of attempting to determine Plaintiff's RFC. Thus, Plaintiff's representative's questions were not properly posed to the VE and the ALJ noted so.

## **Conclusion**

After careful review, the Court finds the ALJ's decision is supported by substantial evidence on the record as a whole. The decision will be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner of Social Security is affirmed.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 19th day of February, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE